UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Irena Burgess,

                           Plaintiff,

              -against-

Costco Wholesale Corporation,

                        Defendant.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/2024 _____

7:21-CV-5178 (VR)

**OPINION AND ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

Plaintiff Irena Burgess, proceeding pro se, sues Defendant Costco Wholesale Corporation, seeking to recover for personal injuries she suffered when she slipped and fell at the Costco in Port Chester, New York, on November 24, 2017.[1]  (ECF No. 1-1 (Compl.) at ¶¶ 5, 10).  On July 7, 2021, the parties consented to jurisdiction before a magistrate judge for all purposes, under 28 U.S.C. § 636(c).  (ECF No. 6 (Consent)).  Costco now moves for summary judgment.  (ECF No. 58 (Mot.)).  For the reasons below, the motion is **GRANTED**.

## I.  BACKGROUND

### A.  Procedural History

On November 6, 2020, Burgess filed this action in the New York State Supreme Court, Westchester County.  (ECF No. 1-1).[2]  On June 10, 2021, Costco

---

[1] The complaint alleges that this incident occurred on November 22, 2017. But Burgess agrees with Costco (in its responsive Rule 56.1 statement) that the incident date was November 24, 2017. Burgess also recognized November 24, 2017, as the incident date in a letter to the Court. (*See* ECF No. 55).

[2] All page numbers refer to ECF pagination.

removed the action to this Court on diversity grounds under 28 U.S.C. § 1332(a).[3] (ECF No. 1 (Notice of Removal)).  In July 2021, the parties consented to jurisdiction before a magistrate judge, and this action was referred to the Hon. Paul E. Davison to conduct all proceedings. (ECF No. 6). In May 2023, this action was reassigned to the undersigned. (ECF 05/24/2023 Notice of Case Reassignment). On January 5, 2024, Costco moved for summary judgment (ECF No. 58), which Burgess opposed (ECF No. 66 (Opp.)).[4]

### B. Factual Background[5]

#### 1. Burgess' fall

On November 24, 2017, Burgess shopped at the Costco located at 1 Westchester Ave. Port Chester, New York.  (ECF Nos. 59 at ¶ 1; 82 at ¶ 1).  On this date, Burgess parked her car in the Costco parking lot and walked from her car to the warehouse using the pedestrian crosswalk. (ECF Nos. 59 at ¶ 2; 82 at ¶ 2).

The parties dispute whether a hole or depression existed within the crosswalk when Burgess entered Costco on that date. Costco asserts that no hole or depression existed before Burgess entered Costco. (ECF Nos. 59 at ¶ 3; 82 at ¶ 3). In support, Costco cites Burgess' deposition testimony (ECF No. 59 at ¶ 3) that "that hole was not there. If it was there I would have seen it . . . ." (ECF No. 60-9 at 79). But Burgess asserts that the mere fact that she did not remember a hole being

---

[3] Costco is a Washington corporation with its principal place of business in Washington.  (ECF No. 1 at 2).  Burgess is domiciled in Connecticut.  (*Id.*).  The amount in controversy exceeds $75,000. (*Id.*; *see* ECF No. 1-3 at 6 (demanding $100,000)).

[4] Burgess was served with notice of the consequences of failing to adequately respond to a motion for summary judgment, under *Vital v. Interfaith Medical Center*, 168 F.3d 615, 621 (2d Cir. 1999).  (*See* ECF No. 69).

[5] The following facts are drawn from each of the parties' Rule 56.1 Statements of Material Facts (ECF Nos. 59 (Def's Statement), 82 (Plaintiff's statement)), and are undisputed unless otherwise stated.

there in response to a question does not establish that a hole did not exist. (ECF No. 82 at ¶ 3). In fact, Burgess submitted ten pictures from Google Maps street-view that purport to depict the Port Chester Costco property sometime in October 2017 – the month before her fall. (ECF No. 86). The pictures capture a white-painted pedestrian crosswalk and a pothole on the edge of that crosswalk. (*See id.*). Burgess did not hear any sounds or noises to indicate that the asphalt in the crosswalk was unstable while using the crosswalk to enter Costco. (ECF Nos. 59 at ¶ 4; 82 at ¶ 4).

After Burgess completed her purchase, she walked outside with her shopping cart and into the pedestrian crosswalk towards her car.  (ECF Nos. 59 at ¶ 6; 82 at ¶ 6).  While crossing the walkway, Burgess' right foot and the right wheel of her shopping cart got stuck in a hole, causing her to fall. (ECF Nos. 59 at ¶ 7; 82 at ¶ 7). The parties dispute the characterization of the events that happened here. According to Costco, the pavement suddenly collapsed, causing Burgess' right foot and the right rear shopping cart wheel she was pushing to fall into a newly formed hole. (ECF No. 59 at ¶ 7).[6]  In support, Costco points to a portion of Burgess' deposition where she testified that "the wheel of the shopping cart and me created the hole." (ECF No. 60-9 at 82). Burgess explained, "when the people help[ed] me, when they tried to pick up the—and then even bigger hole. We made the bigger hole

---

[6] Costco writes that the "pavement suddenly collapsed under [Burgess] causing the right rear wheel of the shopping cart and her right foot to fall in the newly formed hole." (ECF No. 59 at ¶ 7). Costco explains that this happened without any warning. (*Id.* at ¶ 8). But Burgess disputes this characterization as a "newly formed hole." (ECF No. 82 at ¶ 7). Instead, she asserts that "the hole in the pavement may have 'suddenly collapsed' as to increase in size or depth at the time of the accident." (*Id.* at ¶ 8). Construed liberally, this contention is supported by Burgess' testimony that she "made the bigger and deeper hole" in reference to the hole she fell in. (ECF No. 60-9 at 82). Notably, Burgess purports to have returned to Costco on December 5, 2017, and walked the parking lot with David Somella. (ECF No. 66 at 3). At that time, Burgess claims to have "observed that the parking lot had lots of disastrous holes and crevices." (*Id.*).

and deeper hole, so big hole." (*Id.*). In contrast, Burgess disputes the characterization that she fell into a "newly formed hole." (ECF No. 82 at ¶ 7). Instead, Burgess asserts that the hole existed before her trip to Costco that day. (*Id.* at ¶ 8). In support, she provides screenshots from Google Maps, which pre-date the incident by about a month, to demonstrate that the hole existed before she fell in it. (*Id.*). But Burgess does agree with Costco that a hole in the parking lot caused her to fall. (*Id.* at ¶ 7). And she agrees that before her fall, she did not see what had caused her to fall. (ECF Nos. 59 at ¶ 9; 82 at ¶ 9). Also, there were no traffic cones or similar items at the location of Burgess' fall. (ECF Nos. 59 at ¶ 10; 82 at ¶ 10).[7]

After the incident, Burgess alerted an unidentified Costco employee (who did not witness the incident) that the pavement collapsed as she walked across it. (ECF Nos. 59 at ¶ 12; 82 at ¶ 12). But according to Costco, it had not received any prior complaints about, nor had it been made aware of, any prior accidents regarding a sinkhole in this pedestrian crosswalk. (ECF No. 59 at ¶¶ 13–14). In support, Costco provides an affidavit from David Somella (a front-end manager for Costco at the incident location on the incident date), swearing that he did not witness Burgess' accident, that Burgess only reported the incident to him on December 5, 2017, and that Costco is unaware of any prior complaints about "a sinkhole" in the crosswalk or on the premises. (ECF No. 60-14 at 2-3).[8]

---

[7] The parties dispute the implications of this point. Costco contends that the lack of traffic cones or other such items indicates that Costco was unaware of a dangerous condition at the time of the incident. (ECF No. 59 at ¶ 10). But Burgess asserts that the Google Maps photographs demonstrate a visible and substantial hole in the crosswalk, sufficient to give Costco constructive knowledge of the condition. (*See* ECF Nos. 82 at ¶ 10; 86).
[8] Burgess rebuffs this assertion on multiple fronts. First, Burgess disputes that Somella, as an assistant front-end manager, would either know about a sinkhole in the Costco parking lot or about related complaints because Costco did not cite any evidence in the record indicating as much. (ECF No. 82 at ¶ 13). Second, Burgess takes

On November 25, 2017, Burgess returned to Costco and purchased several items without reporting the incident to anyone at the store. (ECF Nos. 59 at ¶ 15; 82 at ¶ 15).

## 2.    **Expert Disclosures and Medical Records**

Costco writes that Burgess has neither disclosed an expert witness in support of her claims, under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, nor has she provided any medical documents causally connecting her injuries to her fall. (ECF No. 59 at ¶¶ 16–17). According to Burgess' complaint, she suffered several personal injuries because of the fall, including "L5 radiculopathy, Bilateral onychomycosis, Bilateral onychauxis, Fungal infection, Nail debridgment, [and] Bilateral peroneal Nerve Damage." (ECF No. 1-3 at 5). Costco asserts that these injuries are "complex and, thus, outside the purview of the lay juror. (ECF No. 60 at 12). Costco also argues that "there are clear questions of etiology given [Burgess'] history of prior injuries, preexisting health conditions and numerous subsequent accidents." *Id.*  For example, during her deposition, Burgess indicated that she had a "car accident 10, 15 years ago" and that afterward she "did use a cane because [she] was hurt." (ECF 60-9 at 33).   Burgess testified to having about 14 total falls, though it seems at least some of these took place after the fall at Costco. (ECF No. 60-9 at 156). Similarly, Burgess testified that she went to the hospital in December 2013 to get treated for a fall she had after a dog she was walking pulled her down.

---

issue with Costco's use of the word "sinkhole" to refer to the hole she fell into, pointing out that Costco was the first party to refer to it as a sinkhole during her deposition. But the Court notes that the phrase "sinking hole" first appears during Plaintiff's deposition when she responds to opposing counsel's question about pavement crumbling. (ECF No. 60-9 at 80).

(ECF No. 60-10 at 61). In 2014, Burgess reported to Greenwich Hospital for neck and back pain. (*Id.* at 57). Relatedly, Burgess reported having lower back pain as early as 2010. (*Id.* at 55).

According to Burgess, she did submit documentation from a November 16, 2020, visit to Dr. Alice Rusk, during which Dr. Rusk said that Burgess' cramping and pain in her foot were "attributed to the fall she had at Costco in 2017." (ECF No. 82 at ¶ 17). Burgess submitted several other medical records, including notes from an emergency department visit at Yale New Haven Health on November 27, 2017, during which she presented with ankle pain after she reported that she "stepped in a pothole the night before Thanksgivin [*sic*]." (ECF No. 66 at Ex. D). At a follow-up visit with the podiatry center at Yale New Haven Health on December 17, 2018, the examining physician noted that Burgess presented with "the chief complaint of recurrent thick toenails [and told her] the story of her injury at Costco." (ECF No. 66 at Ex. C). Similarly, at an initial evaluation at Yale New Haven Health on January 25, 2019, the attending therapist noted that Burgess reported she stepped in a "pot whole [*sic*] 14 months ago [and reports having] intermittent LBP." (ECF No. 66 at Ex. B).

## II.  <u>LEGAL STANDARD</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material under Rule 56 where it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).[9]  A dispute about a material fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*[10]  In determining whether the moving party has met its burden of proving that there are no genuine disputes of material fact, the Court must resolve all ambiguities and draw all factual inferences for the party opposing the motion.  *See Union Mut. Fire Ins. Co. v. Ace Caribbean Mkt.*, 64 F.4th 441, 445 (2d Cir. 2023).  "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005).[11]

"When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case."  *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (alteration and internal quotation marks omitted).  Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996).  Yet summary judgment must be denied if the Court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.  Summary judgment is also appropriate when the movant submits

---

[9] *See also Red Tree Invs., LLC v. Petróleos de Venez., S.A.*, 82 F.4th 161, 170 (2d Cir. 2023).
[10] *See also Red Tree Invs.*, 82 F.4th at 170.
[11] *See also Wiggins v. Griffin*, 86 F.4th 987, 995 (2d Cir. 2023) (per curiam).

undisputed evidence "that negates an essential element of the non-moving party's claim." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017).

As another matter, the Court is mindful of Plaintiff's pro se status. The Second Circuit has held that courts must accord pro se litigants "special solicitude" when "confronted with motions for summary judgment." *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988). Thus, the Court must liberally construe Plaintiff's filings to "raise the strongest arguments that they suggest." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018). But a pro se litigant is not otherwise relieved of the "usual requirements of summary judgment, and a pro se party's bald assertions unsupported by evidence . . . are insufficient to overcome a motion for summary judgment." *LaFontant v. Mid-Hudson Forensic Psychiatric Ctr.*, No. 18-CV-23 (KMK), 2023 WL 6610764, at *8 (S.D.N.Y. Oct. 10, 2023) (quoting *Houston v. Teamsters Loc. 210, Affiliated Health & Ins. Fund-Vacation Fringe Ben. Fund*, 27 F. Supp. 3d 346, 351 (E.D.N.Y 2014)); *see also Schroeder v. United States*, No. 18-CV-6624 (VSB), 2020 WL 4607674, at *1 (S.D.N.Y. Aug. 11, 2020).

### III.    DISCUSSION

Costco now moves for summary judgment on two grounds. First, Costco argues that Burgess cannot make out an essential element of her claim because "the record lacks evidence establishing that . . . plaintiff's injury was a foreseeable risk of defendant's negligence." (ECF No. 61 at 9). On this point, Costco elaborates that there is no evidence that Costco created the defective condition in the crosswalk or

that it had actual or constructive notice of any defect. (*Id.*).  Second, Costco argues

that summary judgment in its favor is warranted because Burgess failed to provide

expert medical evidence establishing causation, as required by Federal Rule of Civil

Procedure 26(a)(2)(b). (*Id.* at 10-13). More specifically, Costco claims that Burgess

needed to provide expert medical evidence to establish causation because Burgess is

alleging complex injuries while having multiple potential etiologies. (*Id.* at 11).

Burgess, in turn, opposes, claiming that Costco had sufficient notice of the defect

and that she did provide notice of witnesses she could call as medical experts, along

with medical documents corroborating the injuries she suffered from her fall. (ECF

No. 66). In reply, Costco asserts that Burgess' 56.1 statement contradicts her

deposition testimony and should be disregarded as a sham affidavit. (ECF No. 84 at

7-8). The Court addresses each of these arguments in turn.

### A. Burgess' Rule 56.1 Statement Does Not Violate the Sham Affidavit Principle

To begin with, Costco argues, in reply, that the Court should disregard

Burgess' Rule 56.1 counterstatement of material facts because it amounts to a

"sham affidavit."  (ECF No. 84 at 7–11).  Costco argues that Burgess' Rule 56.1

statement contains new facts—unsupported by her deposition testimony—and

amounts to an "attempt to alter her testimony."  (*Id.* at 8–10).  Although this is a

close call, the Court disagrees.

Under the sham affidavit principle, "a party may not create an issue of fact

by submitting an affidavit in opposition to a summary judgment motion that, by

omission or addition, contradicts the affiant's previous deposition testimony."

*Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996)).[12] But this "principle does not apply if the deposition and the later sworn statement are not actually contradictory." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000). Rather, "a material issue of fact may be revealed by [a party's] subsequent sworn testimony that amplifies or explains, but does not merely contradict, [the party's] prior testimony, especially where the party was not previously asked sufficiently precise questions to elicit the amplification or explanation." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir.1996) (citation omitted).[13] When there is a "'readily apparent, plausible explanation' for the inconsistency or where the deposition is 'only arguably contradictory' to the affidavit," courts in this Circuit have declined to disregard an affidavit as a sham. *Brandon v. Kinter*, 938 F.3d 21, 33 n.9 (2d Cir. 2019) (quoting *Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 205–06 (2d Cir. 2014)); *see also Hayes*, 84 F.3d at 620 (explaining that where an issue was not sufficiently covered during a deposition, testimony might only be arguably contradictory).

In this Court's view, Burgess' Rule 56.1 statement clarifies or amplifies her deposition testimony. Viewing the facts in the light most favorable to the non-moving party—while also interpreting Burgess' filings to raise the strongest possible arguments that they suggest—the inconsistencies between Burgess' deposition testimony and her subsequent Rule 56.1 statement are not enough to

---

[12] *See also Kennedy v. City of New York*, 570 F. App'x 83, 84 (2d Cir. 2014) (Summary Order) (same).
[13] *See, e.g., Wongsing v. Wal-Mart Real Est. Bus. Tr.*, No. 20-cv-6029, 2021 WL 5304310, at *7 (S.D.N.Y. Nov. 15, 2021) (holding that plaintiff's affidavit, which "clarifie[d] and elaborate[d] on factual details provided in her earlier testimony," did not violate the sham affidavit principle).

invoke the sham affidavit principle. Burgess states in her Rule 56.1 statement that

"the hole in the pavement may have 'suddenly collapsed' to increase in size or depth

at the time of the accident" (ECF No. 82 at ¶ 8), implying that the hole already

existed before she fell. In contrast, Costco points out that Burgess testified that the

hole "was not there" before she fell. (ECF No. 84 at 5). But Burgess also later

testifies, at the same deposition, that her fall had "made the bigger hole and deeper

hole" (ECF No. 60-9 at 82), suggesting that a hole had existed, and her fall only

made it bigger.

This interpretation is bolstered not just by Burgess' Rule 56.1 statement but

also by the photographs she submitted. These photographs show a pedestrian

crosswalk, outlined in white paint, at a Costco located on Westchester Avenue in

Port Chester, New York.[14] (ECF No. 86). These photos reveal a pothole in the

crosswalk near the parking lot. (*See id.*). And according to Burgess, these photos

depict the hole she fell into at the Costco parking lot about a month before her fall.

(*Id.*). Taking these submissions together, Burgess' Rule 56.1 statement that the hole

at issue was not newly formed entirely—but an increasing of its size and depth—is

not contradictory to her prior testimony. Instead, her statements are mere

inconsistencies.[15] Thus, Burgess' Rule 56.1 statement and Google Maps photos

---

[14] It appears that Defendant attempted to offer similar pictures into evidence during Plaintiff's deposition, and Plaintiff identified at least one of those photographs as the location where she fell. (ECF No. 60-9 at 72 ("Looking at Defendant's Exhibit A-7, it says there's a Google map photo from October 2017 which has the white lines of Westchester Avenue, which are not written on the road, that's just something Google puts in. Do you recognize the location shown in this photograph?")).

[15] Having read Burgess' deposition transcript, the Court also noted a great deal of confusion and miscommunication between counsel and Burgess throughout the questioning, perhaps amplified by Burgess' pro se status.

merely amplify or explain that the "bigger hole" she testified about did not exist before she entered Costco but that a smaller hole had existed before her fall and that the hole had become bigger because of her fall. This interpretation is not based on her testimony alone, as the Google Maps photos suggest that a hole did exist in the area where Burgess had fallen. (*Id.*). As such, Burgess' Rule 56.1 statement does not run afoul of the sham affidavit principle.

### B. There are Genuine Issues of Material Fact about Costco's Constructive Notice of a Defective Condition

Under New York tort law, a plaintiff seeking to prove a defendant's negligence must show: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981); *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021). Here, the defendant's duty is the "common-law responsibility to show due care to customers by maintaining its premises in a reasonably safe condition." *Borley*, 22 F.4th at 78 (alteration and internal quotation marks omitted).[16]

To establish breach in a premises liability and slip-and-fall case, a "plaintiff must demonstrate that the defendant either created the defective condition or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it." *Tenay v. Culinary Tchrs. Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008) (Summary Order) (alteration and internal

---

[16] "Under New York common law, a landowner has a duty to maintain his or her premises in a reasonably safe condition." *Khanimov v. McDonald's Corp.*, 121 A.D.3d 1050, 1051 (2d Dep't 2014) (internal quotation marks omitted).

quotation marks omitted); *see also Demelio v. Wal-Mart Stores E., LP*, No. No. 21-cv-1900, 2023 WL 2480192, at *3 (S.D.N.Y. Mar. 13, 2023) ("[P]laintiff must show that there was a dangerous or defective condition that caused the accident, and that the defendant either created the defective condition, or had actual or constructive notice thereof.").

Here, Costco correctly points out that there is no evidence that Costco created the dangerous condition.  (*See* ECF No. 61 at 4). Even with a liberal construction of Burgess' filings, Burgess does not appear to argue that Costco created the dangerous condition. (*See generally* ECF No. 66). Instead, construed liberally, Burgess argues that Costco had constructive notice of the condition because the parking lot was in a state of disrepair for a sufficient period before her fall such that Costco's employees should have discovered and remedied it. (*See id.* at 2–3 ("When we went outside, I said to David 'Oh, My God, David look at all these big holes in the parking lot…'"); *see also* ECF No. 82 at ¶ 10 (asserting that "the existence of a visible and substantial hole in the pavement of the crosswalk, since at least October 2017, is sufficient to show Costco's constructive knowledge.")).

Because Burgess does not argue that Costco either created or had actual notice of the dangerous condition (*see generally id.*), the only issue is whether Costco had constructive notice of it.  "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Rodriguez v. Wal-Mart Stores E., LP*, No. 16-cv-2603, 2017 WL 4045745, at *4 (S.D.N.Y. Sept. 11,

2017) (quoting *Gordon v. Am. Museum of Nat. Hist.*, 67 N.Y.2d 836, 837 (1986)). "Constructive notice can be proven through circumstantial evidence, such as the circumstances surrounding the injury and the condition of the premises." *Castellanos v. Target Dep't Stores, Inc.*, No. 12-cv-2775, 2013 WL 4017166, at *5 (S.D.N.Y. Aug. 7, 2013) (internal quotation marks omitted).[17]

  1. Visible and Apparent

Costco argues that Burgess cannot demonstrate "constructive notice" (ECF No. 61 at 4) because there is no evidence that Costco acted in a "careless or dangerous" manner regarding maintenance of the crosswalk, nothing suggested that the relevant portion of the asphalt would collapse when it did, and Costco did not know of any prior complaints about the crosswalk. (*Id.*) But Burgess argues that the record establishes that Costco did have constructive notice because several pictures Burgess submitted depict a pothole in the crosswalk about a month before her fall. (ECF Nos. 82 at ¶ 3 (stating that "photographic evidence from Google Maps shows that the hole was there since at least October 2017"); 86 (submitted exhibits from Google Maps)).

As for the first prong of constructive notice – whether the alleged defect was visible and apparent – "[p]hotographs depicting the size and structure of an alleged defect can create an issue of fact as to constructive notice if they 'accurately depict an area in which a plaintiff fell,'" which is best submitted and evaluated by the jury.

---

[17] *See also Buckstine v. Schor*, 213 A.D.3d 730, 731 (2d Dep't 2023) ("A plaintiff's inability to testify as to how an accident occurred does not require dismissal where negligence and causation can be established with circumstantial evidence, but the record must render the other possible causes sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence, not upon speculation.") (alteration, citation, and internal quotation marks omitted).

*Wongsing v. Wal-Mart Real Est. Bus. Tr.*, No. 20-cv-06029, 2021 WL 5304310, at

*11 (S.D.N.Y. Nov. 15, 2021) (quoting *Zavaro v. Westbury Prop. Inv. Co.*, 244 A.D.2d

547, 548 (2d Dep't 1997)). Here, Burgess submitted several pictures from Google

Maps Street View that she argues show the area where she fell about a month

before her fall. (ECF No. 86). These photographs reveal a hole in an asphalt parking

lot at a Costco on Westchester Avenue. (*Id.*). That hole is on the outer border of a

white-painted crosswalk towards the end closest to the parking lot area. (*Id.*). In

one of the pictures, the hole appears so deep that it reveals what might be the

ground under the asphalt. (*Id.*). These photos are enough to create an issue of fact

as to whether Costco had constructive notice of the hole that Burgess fell in.

*Wongsing*, 2021 WL 5304310, at *11. This factual dispute is bolstered by Burgess'

testimony that the hole existed before her fall, and she only caused the hole to

enlarge. (*See* ECF No. 60-9 at 82 ("[W]hen the people help[ed] me, when they tried

to pick up the—and then even bigger hole. We made the bigger hole and deeper

hole, so big hole.")).

Thus, viewing the totality of the evidence in the light most favorable to

Burgess, and liberally construing Burgess' filings to raise the strongest arguments

they suggest, there is an issue of material fact as to whether the hole in Costco's

parking lot was visible and apparent. *Wongsing*, 2021 WL 5304310, at *11 (finding

issues of material fact about constructive notice where plaintiff testified that

several photographs depicted the area of her fall on the day of the accident). It

would not be unreasonable for a jury to conclude from these photos that the hole in

the Costco parking lot was visible and apparent enough to support a finding that Costco had constructive notice of the hole. *Corso v. Am. Airlines, Inc.*, No. 02-cv6055, 2004 WL 870823, at *10–11 (E.D.N.Y. Apr. 23, 2004) (denying summary judgment where photographs depicted a condition such that the defendant had constructive notice of it).

2. <u>Length of Time</u>

There is also an issue of material fact as to whether the hole was present for a long enough time before Burgess' fall to permit Costco to discover and remedy it. Indeed, Costco argues that "there was no hole or depression within the crosswalk [. . .] when plaintiff entered the warehouse" and that the "pavement suddenly collapsed," causing Burgess to fall. (ECF No. 59 at ¶¶ 3, 7). Thus, Costco asserts that the hole did not exist for any length of time before the incident. Burgess maintains that the hole did exist for a sufficiently long period before the incident. In support of that assertion, Burgess submitted photographs, as mentioned earlier, depicting the pothole she alleges she fell into about a month before her fall. (ECF No. 86) For the reasons explained below, the Court finds that there is a material issue of fact as to whether the pothole existed for a sufficient length of time, such that Costco had constructive notice of it.

"[C]ourts in this district have consistently denied summary judgment where the plaintiffs observed the presence of the dangerous condition prior to falling or presented sufficient evidence supporting an inference of a long-standing condition." *Tavarez v. BJ's Wholesale Club, Inc.*, No. 16-cv-1780, 2018 WL 2089338, at *4

(S.D.N.Y. May 3, 2018) (internal quotation marks omitted) (collecting cases). "Such a long-standing condition may be evidenced by 'chronically uncorrected' disrepair that would place a defendant on constructive notice that the subject structure 'as a whole posed a danger' to passersby." *Wongsing*, 2021 WL 5304310, at *11 (S.D.N.Y. Nov. 15, 2021) (alteration omitted) (quoting *Mendoza v. Highpoint Assocs., IX, LLC*, 83 A.D.3d 1, 9–10 (1st Dep't 2011)). Further, a jury may reasonably infer constructive notice from the "irregularity, width, depth and appearance" of a defect exhibited in photographs, suggesting that "the condition had to have come into being over such a length of time that knowledge thereof should have been acquired by the defendant in the exercise of reasonable care." *Taylor v. N.Y. Transit Auth.*, 48 N.Y.2d 903, 904 (1979); *see, e.g.*, *Overton v. Valvoline Instant Oil Change Franchising, Inc.*, No. 16-cv-6474, 2018 WL 11187113, at *4 (S.D.N.Y. June 18, 2018) (denying summary judgment because plaintiff's description of defect could have led reasonable jury to infer that defendants had constructive notice of it).

Here, viewing the facts most favorably to Burgess, and construing her filings to raise the strongest possible arguments that they suggest, there is sufficient evidence to create an issue of material fact about whether the hole amounted to a long-standing condition that Costco should have discovered and remedied. First, the Google Maps photos reveal that the hole may have existed for at least a month before Burgess' fall. (ECF No. 86). Second, the cracked and faded paint surrounding the pothole (*see id.*), could support a finding that the hole existed for such a long period that Costco should have discovered it. *Overton,* 2018 WL 11187113, at *4

(denying summary judgment because jury could reasonably infer from plaintiff's description of the defect that it existed for a sufficient length of time to satisfy the constructive notice requirement); *Wongsing*, 2021 WL 5304310, at *11 (denying summary judgment because a "jury was required to determine" whether the evidence of the defect and expert's opinion about how long it lasted was a sufficient length of time to satisfy the constructive notice requirement); *Taylor*, 48 N.Y.2d 903, 904 (finding that a jury could have inferred from the "irregularity, width, depth, and appearance of the defect apparent from the concrete surface exhibited in photographs, that the condition had to have come into being over such a length of time" to satisfy the constructive notice requirement); *Urrutia v. Target Corp.*, 681 F. App'x 102, 104 (2d Cir. 2017) (finding that observing a clear liquid on a store floor 45 minutes before an accident was a sufficient period of time for a jury to reasonably conclude that liquid was visible and apparent); *Cuello v. Target Corp.*, No. 22 CIV. 2013 (PAE), 2023 WL 4763234, at *6 (S.D.N.Y. July 26, 2023) (finding 38 minutes a sufficient length of time to discover and remedy a defective condition before an accident, while noting that "[c]ourts have found as little as five minutes sufficient for a defendant to discover and remedy the hazard; others have found as long as 50 minutes insufficient to give rise to constructive notice.").

Third, the photographs show what looks like the ground under the parking lot asphalt. (*See* EF No. 86). Based on this, a reasonable jury could find that the asphalt had gradually deteriorated over a long period and that the parking lot was plagued by a long-standing condition that Costco could have remedied through

reasonable care. This is especially so because the hole was at the edge of the parking lot, which was likely a high-trafficked location and within walking distance of what was, presumably, a constantly staffed store entrance. Thus, there is an issue of material fact as to whether the hole was present for a long time and whether that hole could have been discovered and remedied before Burgess' fall.

### C. Summary Judgment is Nevertheless Warranted Because Burgess Fails to Present Non-Conclusory Medical Evidence that Her Injuries were Proximately Caused by Her Fall At Costco

Costco argues that Burgess failed to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure because she did not disclose the identity of an expert witness, in accordance with Rule 702 of the Federal Rules of Evidence, to establish whether her injuries were proximately caused by her fall at Costco. (ECF No. 61). But failure to comply with Rule 26 is not the crux of the problem; it is Burgess' failure to prove an essential element of her claim, proximate causation. Thus, although Burgess has raised genuine issues of material fact about Costco's constructive notice about the hole in its parking lot, she fails to present non-conclusory medical evidence that her injuries were proximately caused by her fall at Costco. *Guzman v. Wackenhut Corp.*, 394 F. App'x 801, 802 (2d Cir. 2010) (ruling that "[u]nder New York Law, a plaintiff seeking recovery for personal injuries under a negligence theory must show duty, breach, actual and proximate causation, and damages") (quoting *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir.2006)).

To begin, medical testimony about causation does not have to come in the form of a disclosed expert under Rule 26. "Where the Rule 26 disclosure is lacking, a treating physician may still testify in limited fashion, solely as to that information the physician acquired through observation during treatment and limited to the facts obtained during treatment." *Rodriguez v. Vill. of Port Chester*, 535 F. Supp. 3d 202, 214 (S.D.N.Y. 2021) (quoting *Manzone v. Wal-Mart Stores, Inc.*, No. 17-CV-277 (SIL), 2020 WL 5411483, at *7 (E.D.N.Y. Sept. 9, 2020) (alterations omitted)); *see also Capak v. Smith*, No. 18-CV-4325 (KHP), 2023 WL 5465443, at *2 (S.D.N.Y. Aug. 24, 2023) (ruling that when "a doctor's opinion is not offered as an expert but offered in [the doctor's] capacity as [a patient's] treating physician, it [i]s properly limited to his personal knowledge developed during the course of his treatment of [the patient]."). This type of witness, offering this sort of testimony, does not require a Rule 26 disclosure. *Id.* Indeed, this sort of testimony can "address causation based on the treating physician's treatment of his or her patient." *Rodriguez,* 535 F. Supp. 3d at 215 (citing *Olutosin v. Gunsett*, No. 14-cv-00685 (NSR), 2019 WL 5616889, at *6 (S.D.N.Y. Oct. 31, 2019)). So the fact that Burgess did not supply a Rule 26 disclosure would not necessarily doom her claim if she had treating physicians who could testify about causation in connection with her diagnosis and treatment.

But here is where Burgess' claim falters. The sort of injuries Burgess alleges she suffered, coupled with her prior medical history, are complex enough to require some expert evidence or at least a treating physician who can provide more than conclusory statements about the causes of her injuries. Ordinarily, expert testimony

is unnecessary in cases where "jurors 'are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special . . . training.'" *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004) (quoting *Salem v. United States Lines Co.*, 370 U.S. 31, 35 (1962)). But where "the nexus between the injury and the alleged cause would not be obvious to the lay juror, '[e]xpert evidence is often required to establish the causal connection between the accident and some item of physical or mental injury.'" *Wills*, 379 F.3d at 46 (quoting *Moody v. Maine Cent. R.R. Co.,* 823 F.2d 693, 695 (1st Cir.1987)). This is because "the medical effect on the human system of the infliction of injuries is not generally within the sphere of the common knowledge of the lay person." *Young v. Sw. Airlines Co.*, 409 F. Supp. 3d 110, 114 (E.D.N.Y. 2017) (quoting *Barnes v. Anderson*, 202 F.3d 150, 159 (2d Cir. 1999)).[18] As noted above, a treating physician – not identified as an expert – theoretically could also testify about complex causation issues, but only if that testimony could be based on the physician's "treatment of his or her patient," *Rodriguez*, 535 F.Supp.3d at 215, including the patient's "condition, diagnosis, treatment, and prognosis." *Id.*

Here, Burgess claims that because of the fall, she suffered "L5 radiculopathy [in her lumbar spine], Bilateral onychomycosis, Bilateral onychauxis, Fungal infection, Nail debridgment, [and] Bilateral peroneal Nerve Damage [in her feet]." (ECF No. 1-3 at 5). During her deposition, Burgess affirmed that she had previously

---

[18] So, even in cases where plaintiffs have a reduced burden to prove causation, expert testimony may be necessary to establish causation where "an injury has multiple potential etiologies[.]" *Wills*, 379 F.3d at 46; *see also Jimenez v. Supermarket Serv. Corp.*, No. 01 CIV. 3273 (DLC), 2002 WL 662135, at *4 (S.D.N.Y. Apr. 22, 2002) (finding that jury required expert testimony in deciding whether car accident caused plaintiff's injuries because "the plaintiff had already claimed neck and back injuries from" a previous fall in 1992).

been diagnosed with "[c]hronic pain" and "neck pain." (ECF No. 60-9 at 123). In fact, Burgess then explained that she got neck pain from when she "got in the accident" (*id.*), referring to some earlier accident that predated her fall at Costco. It also appears from Burgess' testimony that she visited Greenwich Hospital in 2014—about three years before the incident at Costco—complaining of "foot pain . . . and back pain[.]" (ECF No. 60-10 at 62). Further, Burgess seems to have fallen "14 times on [her] head," which resulted in her being diagnosed with nerve damage. (ECF No. 60-9 at 156). Because Burgess has received treatment for injuries like those she is claiming in this case, there are questions about the "etiologies" of her injuries that require non-conclusory medical testimony to answer. But as explained below, none of the medical evidence she provides from her treating physicians suffices.

According to Burgess, she submitted documentation from a November 16, 2020, visit to Dr. Alice Rusk, during which Dr. Rusk said that Burgess' cramping and pain in her foot were "attributed to the fall she had at Costco in 2017." (ECF No. 82 at ¶ 17).  Burgess also asserts that she submitted three other medical reports from different doctors and that she has "spoken to two independent expert witnesses, and [plans] to hire them if it is necessary." (ECF No. 66 at 3 and 4).[19] But these doctor's notes and medical records – submitted by Burgess as part of her opposition – do not contain any analysis or methods that the medical professional used or any non-conclusory statements linking Burgess's symptoms to the fall she

---

[19] Although Burgess refers to two independent expert witnesses she plans to hire, the time has long passed to retain and disclose experts.

took at Costco. Instead, they contain Burgess' "self-serving" conclusions that she reported to her treating physicians many months or even years after her fall.

For example, Burgess submitted Exhibit A, a "Neurology Follow-Up Note" from Dr. Alice Rusk, which states that on November 16, 2020 (nearly three years after her fall), Burgess visited this doctor complaining of intermittent toe cramping and pain on the sole of both feet. (ECF No. 66 at 6). The Interval History portion of the note seems to describe how Burgess is reporting her pain and progress through treatment over the last few months. (*Id.*). At one point in this self-reporting section, the note reads that "[a]ll of this is attributed to the fall she had at Costco in 2017." (*Id.* at 7).[20] There is no analysis or independent explanation from Dr. Rusk to support this conclusion, particularly given the length of time between the fall at Costco in 2017 and Dr. Rusk's follow-up note.

Burgess also submitted three other exhibits of doctors' notes from initial visits and follow-up visits with medical professionals after her fall. A provider note from an emergency room visit on November 27, 2017 (Exhibit D), indicates that Burgess presented with ankle pain and reported that she "stepped in a pothole the night before Thanksgivin [*sic*]." (ECF No. 66 at 11). The treating physician noted that "[t]he patient reports that she fell into a pothole with her right lower extremity, twisting the ankle and foot[.]" (*Id.*). At a follow-up visit with the podiatry center at Yale New Haven Health on December 17, 2018 (Exhibit C), the progress note from the examining physician stated that Burgess presented with

---

[20] Burgess relies on this portion of Exhibit A in her 56.1 statement to argue that she has provided sufficient expert medical testimony to survive summary judgment. (ECF No. 82 at ¶ 17).

23

"the chief complaint of recurrent thick toenails" and that "[Burgess] can tells [*sic*] me the story of her injury at Costco where she fell in a hole in a parking lot with her right foot. She states this is the reason for the pain and not both feet." (ECF No. 66 at 9). Finally, at an initial patient evaluation for physical therapy at Yale New Haven Health on January 25, 2019 (Exhibit B), the attending therapist noted that "Pt states she stepped in a pot whole [*sic*] 14 months ago November 2017." (ECF No. 66 at 8). Again, none of these records provide the treating physician's medical assessment about the causes of Burgess' complex injuries; they merely report Burgess' own statements about the alleged causes of her injuries.

Yet, courts routinely grant "summary judgment in favor of defendants in personal injury actions where there [is] a lack of nonconclusory medical testimony establishing proximate causation." *Flores v. Bergtraum*, No. 20-CV-1240 (KMK), 2022 WL 125372, at *16 (S.D.N.Y. Jan. 13, 2022) (quoting *Watson-Tobah v. Royal Moving & Storage, Inc.*, No. 13-CV-7483 KBF, 2014 WL 6865713, at *14 (S.D.N.Y. Dec. 5, 2014)). Likewise, "plaintiff's own self-serving statements are insufficient to raise a triable issue of fact." *Rhone v. United States*, No. 04 CIV. 5037 (PKL), 2007 WL 3340836, at *9 (S.D.N.Y. Nov. 9, 2007). Because the record lacks any competent medical evidence making out an "essential element" of Burgess' claim, Burgess has failed to raise a triable question of material fact for a jury to consider.

## IV.    <u>CONCLUSION</u>

The Court is sympathetic to Burgess' injuries and does not reach this result lightly. But the extent of her prior medical history and the complexity of her alleged

injuries require medical expert testimony or a treating physician who can provide more than conclusory statements about the causes of her injuries. For the above reasons, Costco's motion for summary judgment is **GRANTED**.  The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 58, enter judgment for Costco, and close the case.

       **SO ORDERED.**

DATED:     White Plains, New York
             September 27, 2024

                                        _____
                                        VICTORIA REZNIK
                                        United States Magistrate Judge