UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

Irena Burgess,

                          Plaintiff,

          -against-

Costco Wholesale Corporation,

                          Defendant.
-----------------------------------------------------------------X

7:21-cv-5178 (VR)

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

Plaintiff, proceeding *pro se*, moves for leave to proceed *in forma pauperis* on appeal pursuant to Federal Rule of Appellate Procedure (FRAP) 24(a)(1). (ECF No. 92). For the reasons stated below, the motion is **DENIED**.

**DISCUSSION**

On September 27, 2024, this Court granted Defendant Costco Wholesale Corporation's motion for summary judgment. (ECF No. 88). Burgess then filed a Notice of Appeal on October 10, 2024, seeking to proceed *in forma pauperis* and Costco filed an opposition on October 28, 2024, both of which this Court considers in deciding the motion. (ECF No. 92).[1]

---

[1] In their Opposition, Costco argues that Burgess is not entitled to *in forma pauperis* status under the statute because Burgess' "affidavit alleging that she does not have security and/or funds to cover the costs incurred" in appealing the case is "flawed at best." (ECF No. 96 at 6). The Court notes that Burgess filed the requisite form detailing her claimed inability to pay or give security for fees or costs. But otherwise, in exercising its discretion to grant such requests, the Court declines to decide this motion on that basis.

The Court has broad discretion in considering whether to grant an applicant's request to proceed *in forma pauperis* on appeal. *Brown v. James*, No. 20-CV-10491 (VSB), 2024 WL 2112434, at *1 (S.D.N.Y. Apr. 5, 2024) (citing *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322 (S.D.N.Y. 2010)); *Lewis v. N. Gen. Hosp.*, No. 06 CIV. 4909(DC), 2024 WL 55047, at *1 (S.D.N.Y. Jan. 4, 2024) (finding that "it is still within the discretion of the district court whether to grant a request to proceed *in forma pauperis*."). In exercising that discretion, the Court must answer whether the appeal is taken in good faith. *Brown,* 2024 WL 2112434, at *1; *Lewis,* 2024 WL 55047, at *1. Indeed, an "appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Uppal v. W. Express, Inc.*, No. 15CIV9976ATRWL, 2019 WL 8262651, at *1 (S.D.N.Y. Apr. 18, 2019) (quoting *Romero v. DHL Express, Inc.*, No. 15 Civ. 4844, 2017 WL 2266990, at *1 (S.D.N.Y. May 6, 2017)) (internal quotation marks omitted); *see also* Fed. R. App. P. 24(a)(3)(A) ("A party ... may proceed on appeal *in forma pauperis* ... unless the district court ... certifies that the appeal is not taken in good faith...."). Importantly, "good faith is judged by an objective standard, and if an appeal is frivolous it is not taken in good faith." *Brown,* 2024 WL 2112434, at *1 (quoting *Morales v. New York & Presbyterian Hosp.*, No. 18CV9711GBDKHP, 2020 WL 13749978, at *3 (S.D.N.Y. Apr. 13, 2020)).

Here, Burgess has failed to state the issues that she will raise on appeal (ECF No. 93 at 2), even though the appellate rules require that she do so. Fed. R. App. P. 24(a)(1)(C) ("party must attach an affidavit that ... states the issues that the

party intends to present on appeal"). Indeed, the Second Circuit Local Rules require that a motion for leave to appeal *in forma pauperis* must include "a statement that identifies the relevant facts and makes a showing of likely merit as to each issue the appellant intends to present on appeal." Second Circuit Local Rule 24.1.[2] Burgess leaves this section of the application blank, depriving the Court of a basis to evaluate the good faith and merits of her appeal. *Uppal*, No. 15CIV9976ATRWL, 2019 WL 8262651, at *1 (S.D.N.Y. Apr. 18, 2019) (denying motion to proceed *in forma pauperis* when plaintiff failed to identify specific issues to be raised on appeal); *Lewis,* 2024 WL 55047, at *1 (denying motion to proceed *in forma pauperis* when plaintiff failed "to answer the portion of the form requiring him to state the issues on appeal"); *Garcia v. Paylock*, No. 13-cv-2868, 2014 WL 1365478 (E.D.N.Y. Apr. 7, 2014) (denying motion to proceed *in forma pauperis* when plaintiff failed to identify particular parts of decision he would challenge).

Even if Burgess had properly completed the motion form, the Court finds that an appeal would not be taken in good faith because she has failed to demonstrate that her claims have any merit. (ECF Nos. 58 (Motion for Summary Judgment), ECF No. 66 (Plaintiff's Opposition to Summary Judgment), 84 (Defendant's Reply to Plaintiff's Opposition), 88 (Opinion and Order on Motion for Summary Judgment)). As stated in the Court's September 27, 2024 order, Burgess has failed to make out an essential element of her claim, proximate causation. (ECF No. 88 at 20).  As the

---

[2] Second Circuit Local Rule 24.1, *available at* http://www.ca2.uscourts.gov/clerk/case_filing/rules/title6/local_rule_24_1.html.

Court explained, the "sort of injuries Burgess alleges she suffered, coupled with her prior medical history, are complex enough to require some expert evidence or at least a treating physician" to prove causation, which she did not provide. (*Id.*). And in her motion for leave to proceed *in forma pauperis* on appeal, Burgess fails to identify any relevant facts or entitlement to redress that would counter this finding. *Nigel Fredricks v. Doe*, No. 20 CIV. 5738 (AT), 2020 WL 8513505, at *2 (S.D.N.Y. Dec. 2, 2020) (denying motion to proceed *in forma pauperis* because plaintiff did "not identify the relevant facts or entitlement to redress, or provide an adequate basis for the Court to evaluate what Plaintiff intends to challenge on appeal").

Thus, the Court certifies, pursuant to 28 U.S.C. §1915 (a)(3), that any appeal taken from this Court's September 27, 2024, order would not be taken in good faith.

## **CONCLUSION**

Burgess' application to proceed *in forma pauperis* is **DENIED**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 92, mail a copy of this order to Plaintiff, and transmit this order to the Court of Appeals.

SO ORDERED.

DATED:   White Plains, New York
         October 29, 2024

                                                VICTORIA REZNIK
                                                United States Magistrate Judge